UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES POOLE, | * |
|     Plaintiff, | * |
| v. | *    Civil Action No. CJC-23-1203 |
| BRIAN JOSEPH MAYHEW, *et al.*, | * |
|     Defendants. | * |

**MEMORANDUM OPINION**

Plaintiff James Poole filed this personal injury action against Defendant Brian Joseph Mayhew. ECF No. 1. Poole later amended his Complaint to add a second defendant, Zev Sibony. ECF No. 25. Before the Court is Sibony's Motion for Judgment on the Pleadings (the "Motion"). ECF No. 71. The issues have been fully briefed, and no hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons discussed below, the Court GRANTS the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 14, 2020, Poole was working as a manager of 45th Street Taphouse Bar & Grille ("Taphouse Bar") in Ocean City, Maryland. ECF No. 25 ¶ 9.[1] Mayhew, a bar manager of Taphouse Bar, arrived at his shift intoxicated and began disrupting customers. ECF No. 25 ¶¶ 10–11, 14. In response, Poole called Sibony, the general manager and owner of Taphouse Bar, twice to alert him that Mayhew was intoxicated and to request Sibony end Mayhew's shift early.

---

[1] Unless otherwise noted, the Court draws the facts relating to Poole's claims from the allegations in the Amended Complaint and assumes that they are true for purposes of resolving the Motion. *Baltimore Gas & Elec. Co. v. Rand Constr. Corp.*, Civil Action No. RDB-24-1467, 2024 WL 4732772, at *1 (D. Md. Nov. 8, 2024) (assuming facts in complaint as true for motion for judgment on the pleadings).

ECF No. 25 ¶¶ 12, 14. Sibony denied both requests but said that he would arrive to assess the situation. ECF No. 25 ¶¶ 13–14.

As Sibony arrived at Taphouse Bar, Mayhew stood on the bar and was splashing alcohol on customers. ECF No. 25 ¶ 15. Sibony told Mayhew to go outside. ECF No. 25 ¶ 16. Mayhew then charged Sibony. ECF No. 25 ¶ 17. Poole intervened, separated, and moved Mayhew and Sibony outside. ECF No. 25 ¶ 18.

Outside Taphouse Bar, a security guard attempted to escort Mayhew away from the premises. ECF No. 25 ¶ 19. In response, Mayhew attacked the security guard and, in the process, hit Poole, causing him to fall down several stairs and sustain injuries. ECF No. 25 ¶ 20.

In January 2021, Poole filed a worker's compensation claim against Taphouse Bar based on the injuries he sustained. ECF No. 72-1 at 2. The Maryland Workers' Compensation Commission granted an award of compensation on February 9, 2021. *See* ECF No. 72-2.[2]

On May 7, 2023, Poole filed his original Complaint against Defendant Mayhew alone. ECF No. 1. On February 7, 2024, Poole filed an Amended Complaint adding Sibony as a defendant. ECF No. 25 ¶¶ 39–45.

On August 8, 2025, Sibony filed this Motion. ECF No. 71. Poole filed a response on August 21. ECF No. 72. Sibony filed a reply on September 5. ECF No. 74.

## LEGAL STANDARD

The Court reviews Sibony's Motion on the standard for a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). A motion for judgment on the pleadings is reviewed under the same standard that applies to a motion to dismiss for failure to

---

[2] The Court considers the document supporting this allegation without converting the Motion into a motion for summary judgment. *See infra* Legal Standard section.

2

state a claim. *Pulte Home Corp. v. Montgomery Cnty., Md.*, 909 F.3d 685, 691 (4th Cir. 2018). Under this standard, the court assumes all well-pleaded allegations in the complaint are true and draws all reasonable factual inferences in favor of the plaintiff. *Id.* In addition to the complaint, a court considers as true "the allegations in the answer 'to the extent they have not been denied or do not conflict with the complaint.'" *United States v. Valentine*, 751 F. Supp. 3d 617, 623 (E.D.N.C. 2024). A court should grant the motion unless the complaint's facts "raise a right to relief above the speculative level." *Bass v. Weinstein Mgmt. Co.*, 56 F.4th 355, 360 (4th Cir. 2022) (citation omitted).

Because a motion for judgment on the pleadings evaluates the sufficiency of the allegations in the complaint, the Court does not consider extrinsic documents. If the court does not exclude an extrinsic document, the motion is typically converted to a motion for summary judgment. This rule does not apply, however, if the document is integral to the complaint and its authenticity is undisputed. *Valentine*, 751 F. Supp. 3d at 623. A document is integral if its "very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Barr v. Flagstar Bank, FSB*, 303 F. Supp. 3d 400, 410 (D. Md. 2018) (citation omitted).

Poole has presented two extrinsic documents in his response to the Motion that he asks the Court to consider. *First*, Poole presents a February 9, 2021, letter from the Maryland Workers' Compensation Commission granting an award of compensation pending information on Poole's disability and average weekly wage. *See* ECF No. 72-2. This document is integral to Poole's claim against Sibony because its very existence establishes that Poole received a workers' compensation award that may foreclose his ability to sue Sibony if Sibony is deemed an employer. *See* Md. Code Ann., Labor & Empl. § 9-509(c). Additionally, its authenticity is not disputed. Thus, the Court considers this document.

*Second*, Poole presents his answers to Sibony's interrogatories. ECF No. 72-3. Unlike the letter from the Maryland Workers' Compensation Commission, Poole's discovery responses do not give rise to any legal rights and, therefore, are not integral to the Complaint. Moreover, Poole relies on the answers to support an argument that the Court does not reach—namely, whether Poole may bring his negligence claim against Sibony notwithstanding the immunity provided by the Maryland Workers' Compensation Act ("MWCA"), ECF No. 72-1 at 9–10. Because the answers are neither integral to the Complaint nor pertinent to the resolution of the Motion, the Court excludes this document, and its exclusion is harmless.

## DISCUSSION

Sibony argues he is entitled to judgment on the pleadings for two reasons. First, he contends that Poole's claim against him is barred by the statute of limitations. Second, Sibony contends that he is immune from suit under the MWCA. ECF No. 71-1 at 5–9. As discussed below, the Court agrees that Poole's claim against Sibony is time barred, and it need not address Sibony's second argument regarding liability under the MWCA.

The parties do not dispute that Poole's Amended Complaint, which adds Sibony as a party and alleges that Sibony is liable for negligence, was filed after the statute of limitations expired. In Maryland, a negligence claim has a 3-year statute of limitations. Md. Code Ann., Cts. & Jud. Proc. § 5-101; *Jones v. Smith*, 265 Md. App. 248, 261 (2025) (applying 3-year limitations period to negligence claim). Statute of limitation deadlines can be tolled, however. Two tolling provisions are relevant here. First, beginning March 16, 2020, during the COVID-19 pandemic, the Maryland Supreme Court issued emergency orders tolling the statute of limitations by 126 days for claims filed in Maryland. *See Matter of Hosein*, 484 Md. 559, 564–68, 574 (2023) (describing tolling period); *Liberty Mut. Ins. Co. v. Murphy*, Civil Action No. SAG-20-1961,

2021 WL 2784264, at *3–4 (D. Md. July 2, 2021) (applying tolling order to diversity cases in the District of Maryland), *certified question answered*, 478 Md. 333 (2022). Second, if a party receives a workers' compensation award, the statute of limitations for a claim against a third-party tortfeasor involved in the events that gave rise to the award is tolled by two months. Md. Code Ann., Lab. & Empl. § 9-902(d).

Here, Poole's negligence claim against Sibony accrued on March 14, 2020, the date on which the Taproom Bar fight occurred. ECF No. 25 ¶ 9. Two days later, the 126-day tolling period began as a result of the COVID-19 emergency orders. *Hosein*, 484 Md. at 567–68. Additionally, Poole received a workers' compensation award related to the Taproom Bar fight, resulting in an additional two-month tolling period of Poole's negligence claim. ECF No. 72-2. Assuming, without deciding, that these two tolling periods can be added consecutively, the statute of limitations for Poole's negligence claim expired on September 16, 2023. Poole did not assert his claim against Sibony until he filed his Amended Complaint in February 2024, about five months after the claim expired. ECF No. 25. Thus, absent any exceptions, Poole's negligence claim against Sibony is barred by the statute of limitations.

Poole asserts, however, that his Amended Complaint relates back to the date on which his original Complaint was filed such that his claim against Sibony falls within the statute of limitations. ECF No. 72-1 at 10. A plaintiff may amend a complaint to add a defendant such that it relates back to the date of the original complaint if three elements are met: (1) "the amendment asserts a claim … that arose out of the conduct, transaction, or occurrence set out … in the original [complaint];" (2) within the Rule 4(m) period (90 days) of serving the original complaint, the defendant "received such notice of the action that it will not be prejudiced in defending on the merits;" (3) within the Rule 4(m) period (90 days) of serving the original

complaint, the defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c). "[W]hen relation back is required to satisfy the statute of limitations, the burden is on the plaintiff to prove that Rule 15(c) is satisfied." *Covey v. Assessor of Ohio Cnty.*, 666 F. App'x 245, 248 (4th Cir. 2016). As discussed below, Poole has not met his burden to prove, under the second or third elements, that Sibony received notice.

**I.    Sibony Did Not Timely Receive Notice of the Action.**

Poole argues that, within 90 days of filing his original Complaint (August 5, 2023), Sibony received notice of this action. ECF No. 72-1 at 12–13. The Court disagrees. A plaintiff can establish that a defendant received notice of the action through actual or constructive notice. *Waters v. The Geo Grp., Inc.*, No. 2:15CV282, 2016 WL 4373717, at *7 (E.D. Va. Aug. 10, 2016). The Court addresses each type of notice below.

**A.    Sibony did not timely receive actual notice of the action.**

Sibony did not receive actual notice of the action. Actual notice can be formal, such as through service of the complaint on the defendant. *Robinson v. Clipse*, 602 F.3d 605, 609 (4th Cir. 2010). Actual notice can also be informal, such as when a plaintiff communicates to the defendant that they intend to file an action. *Wyatt v. Owens*, 317 F.R.D. 535, 540 (W.D. Va. 2016). Actual notice does not occur, however, merely because a defendant knew of the events giving rise to the claims in the action. *See Yanchak v. Lindh*, No. 5:10CV128, 2012 WL 1623293, at *5 (N.D.W. Va. May 9, 2012) ("[T]he notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action." (quoting *Singletary v. Pennsylvania Dept. of Corr.*, 266 F.3d 186, 195 (3d Cir.2001))); *Wyatt*, 317 F.R.D. at 540 (finding police officers involved in alleged beating had actual notice of

the action because they requested a copy of dashboard camera footage in anticipation of an action and because they listened to plaintiff's prison calls in which plaintiff expressed interest in filing suit). Here, Poole did not serve Sibony with the original Complaint or otherwise formally give him notice of the action within 90 days of initiating the action. Additionally, although Sibony participated in the events giving rise to this action, Poole does not allege that Sibony timely received any informal communication about the action. Thus, Sibony failed to receive actual notice of the action within 90 days of Poole filing his original Complaint.

    **B.**  **Sibony did not timely receive constructive notice of the action.**

Sibony also did not receive constructive notice of the action. A party may receive constructive notice through the "identity of interest" or "same attorney" doctrines. First, the identity of interest doctrine applies when the defendant that was originally sued and the defendant to be added are "so closely related in business or other activities that it is fair to presume that the added [defendant] learned of the institution of the suit shortly after it commenced." *Wyatt*, 317 F.R.D. at 540 (citation omitted). Courts typically apply the identity of interest doctrine to parent and subsidiary corporations, *e.g.*, *Goodman v. Praxair, Inc.*, 494 F.3d 458, 474 (4th Cir. 2007), but have also found an identity of interest between employees if they engage in shared conduct and share a close working relationship with each other. *Compare Wyatt*, 317 F.R.D. at 540 (finding officers shared identity of interest when they were collectively involved in excessive force incident and worked in the same room as the officers originally sued), *with Love v. Lloyd*, No. 5:20-CV-00070, 2023 WL 4850767, at *4, *7 (W.D. Va. July 28, 2023) (finding officers who failed to prevent assault against a prisoner did not share an identity of interest with defendants originally sued who engaged in different negligent conduct and had different responsibilities). Second, under the same attorney doctrine, the Court may presume a

party received notice of the action when they share the same attorney. *Goodman*, 494 F.3d at 474–75.

Neither of the two constructive notice doctrines apply here. *First*, Sibony does not share an identity of interest with Mayhew because (1) during the fight that gave rise to this suit, Sibony and Mayhew had adverse, rather than identical, interests—Sibony attempted to prevent Mayhew from disrupting the bar—and thus Mayhew had no reason to inform Sibony of the suit; (2) as the Taphouse Bar owner, Sibony had different responsibilities than Mayhew, a bar manager; (3) Sibony has filed a crossclaim against Mayhew, ECF No. 46, further evidencing their adverse interests; (4) Poole has not alleged any facts to support a close working and aligned relationship between Sibony and Mayhew. *Second*, Sibony and Mayhew do not share an attorney. For these reasons, neither the identity of interest nor the shared attorney doctrines apply. Thus, Sibony did not receive constructive notice of the action within 90 days of Poole filing his original Complaint.

Poole has failed to meet his burden to prove Sibony received either actual or constructive notice of Poole's suit within 90 days after he filed his original Complaint. Thus, Poole has failed to establish the second element under the relation back doctrine.

## II. Sibony Had No Reason to Know That He Would Have Been Named a Defendant But For a Mistake.

Poole contends that, under the third element of the relation back doctrine, Sibony knew or should have known that he would have been named a defendant in the original Complaint but for a mistake regarding his identity. ECF No. 72-1 at 13. Under this third element, the Court considers "what the prospective *defendant* knew or should have known during the [90 day] period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010). As a result, "[t]he

reasonableness of the mistake is not itself at issue." *Id.* at 549; *see also Goodman*, 494 F.3d at 473 (holding the relation back doctrine focuses on "notice, rather than on the type of 'mistake' that has occurred"). To determine whether a defendant knew or should have known that it would have been sued absent a mistake, courts analyze "[1] the original complaint and [2] the plaintiff's conduct" during the 90-day Rule 4(m) period to ascertain "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint." *Krupski*, 560 U.S. at 552, 554. If, based on these two considerations, "the new party to be added *could not reasonably have known* that it should have been named originally," the third element is not satisfied. *Goodman*, 494 F.3d at 472. The Court addresses each consideration below.

*First*, Sibony could not reasonably have known that he would have been named a defendant based on the original Complaint. The original Complaint alleges that "the owner of the … Taphouse Bar … told [Mayhew] to get down off the bar and to go outside," that Mayhew "charged the owner" and tried to toss him, that Poole separated "the owner" and Mayhew, and that Mayhew committed negligence when he "[s]tarted a physical altercation with the owner which necessitated [Poole] to intervene." ECF No. 1 at ¶¶ 12–14, 30.c. Thus, the original Complaint does not mention Sibony by name, refers to him only indirectly as the "owner" of the Taphouse Bar, and mentions him just four times. For each of those four times, Poole fails to plead sufficient facts that would indicate that he intended to sue Sibony. In fact, the original Complaint describes Sibony more as a victim of Mayhew's alleged negligence rather than a tortfeasor himself. For these reasons, Sibony could not have received any notice from the original Complaint that he would have been named a defendant.

*Second*, Sibony could not reasonably have known that he would have been named a defendant based on Poole's conduct within the 90-day period after which he filed the original

9

Complaint. Poole does not contend that he timely communicated to Sibony that he should have been a defendant in the case, nor could he. "Indeed, as stated above, Plaintiff failed to provide notice to [Sibony] within [the 90-day] Rule 4(m) limitations period." *Harden v. Budget Rent A Car Sys., Inc.*, 726 F. Supp. 3d 415, 431 (D. Md. 2024); *see supra* Section I. Because Poole failed to provide any notice that he intended to name Sibony as a defendant, Sibony could not have reasonably known that he would have been added to the suit.

Sibony could not have reasonably known he would have been named a defendant based on either the original Complaint or Poole's conduct within 90 days after he filed the original Complaint. As a result, Poole has not met his burden to prove the third element of the relation back doctrine.

Poole has failed to establish the second and third elements of the relation back doctrine. As a result, his Amended Complaint does not relate back to the date on which his original Complaint was filed, and his claim against Sibony is therefore barred by the statute of limitations.

## CONCLUSION

The Court GRANTS Sibony's Motion for Judgment on the Pleadings. A separate order consistent with this opinion follows.[3]

---

[3] Besides Poole's claims, this case includes Sibony's crossclaim against Mayhew for indemnification or contribution in the event that Poole prevails against Sibony. ECF No. 46 ¶ 6. A crossclaim for indemnification or contribution is moot, however, if the claim asserted by the plaintiff that would give rise to a right to indemnification or contribution fails. *See Acosta v. Ameriguard Sec. Servs., Inc.*, Civil Action No. JKB-15-3484, 2018 WL 4158349, at *4 (D. Md. Aug. 30, 2018) (entering judgment in favor of defendant and finding that defendant's crossclaim, "founded upon [defendant's] assertion of a right of contribution from the other defendants, is moot"); *see also Colburn v. Hickory Springs Mfg. Co.*, 448 F. Supp. 3d 512, 531 n.8 (E.D.N.C. 2020). Thus, because Poole's sole claim against Sibony is time barred, Sibony's crossclaim is DISMISSED AS MOOT. This ruling is reflected in the order accompanying this Opinion.

Date: January 14, 2026                                  /s/
                                       Chelsea J. Crawford
                                       United States Magistrate Judge

11